**FILED**
**Nov 24, 2025**
**10:46 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**IN THE COURT OF WORKERS' COMPENSATION CLAIMS**
**AT NASHVILLE**

| | | |
|---|---|---|
| **ERIN MOORE,** | ) | **Docket No.: 2025-60-2991** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 16015-2025** |
| | ) | |
| **AMAZON.COM SERVICES,** | ) | **Judge Robert Durham** |
| **LLC,** | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| **AMERICAN ZURICH INS. CO.,** | ) | |
| **Insurer.** | ) | |

---

### EXPEDITED HEARING ORDER GRANTING BENEFITS

---

This Court held an Expedited Hearing on November 12, 2025, on Ms. Moore's request for medical and temporary disability benefits for a work-related injury to her left shoulder sustained on February 19, 2025. Before the hearing, Amazon agreed to provide Ms. Moore with her requested benefits. Still, Ms. Moore asked to submit evidence about the difficulty she had getting benefits for her injury and requested that her claim be sent to the Bureau's Compliance Program for consideration of a penalty against Amazon. The Court grants Ms. Moore's request.

#### Stipulations

At the hearing's outset, the parties agreed to the following:

1. Ms. Moore's compensation rate is $185.51. Amazon shall pay $7,049.38 in past temporary disability benefits from February 25, 2025, through November 12, 2025, and shall continue to make biweekly payments until Ms. Moore reaches maximum medical improvement or is returned to work.

2. Amazon shall authorize Dr. Eric Maryniw to provide reasonable and necessary

1

medical treatment for Ms. Moore's left-shoulder injury and shall reimburse Ms. Moore and her health insurance carrier for past medical expenses incurred in treatment of her work-related injury.

3.  Amazon shall authorize the physical therapy recommended by Dr. Maryniw for continued post-surgical rehabilitation of Ms. Moore's left shoulder.

## History of Claim

Amazon did not dispute Ms. Moore's testimony as to her injury. She testified that one of her jobs with Amazon required her to repetitively push carts loaded with merchandise approximately 100 yards from one station to another. The carts were 6.5 feet tall and often had faulty wheels. The handles for pushing the cart were both on the right side, which required her to use her left arm as the primary force to move it.

On February 19, 2025, Ms. Moore was at the end of her first five-hour shift when she began experiencing pain in her upper left arm. She returned that same day to work another shift, and the pain increased to the point that she told her shift supervisor that she could not continue pushing the carts and asked to be transferred to another department.

When she returned to work on February 22, she again worked pushing carts, and her left shoulder began hurting by the end of her shift. The pain worsened the next day and was "solidly in her left shoulder.

On February 25, she told Siu Long and Melody that she could not push the carts.[1] She also told Ashley, who worked as a "process assistant" and was responsible for assigning job duties. Ashley told her to report the injury to Amazon's wellness center. Ms. Moore went to the wellness center and saw Randolfo Ramos. She told him her shoulder pain was work-related, but he responded that he could not report it as a workers' compensation injury unless she requested treatment. He gave her some Biofreeze, and she finished her shift.

The next day when she reported for work, she told Mary, a "shoe sort leader" that she was going to the wellness center for treatment. No one was there who could treat her injury, so she asked a receptionist to speak with someone responsible for work injuries, but the receptionist could not help her. Ms. Moore could not remain at work due to the pain and took personal time off so she could go home. Before she left, however, she again talked with Mary. She told her that her shoulder problem was work-related and asked her what to do. Mary told her that she could take time off and go to her own doctor, since Tennessee doesn't really "do" workers' compensation.

---

[1] Ms. Moore worked part-time at Amazon and did not know the last names or job titles of many of her co-workers.

On March 1, Ms. Moore returned to work and was again given the job of pushing the carts. After a few hours, her shoulder felt "like it was on fire." She told "dock manager" Anthony that her shoulder was "messed up" and she needed to see a doctor. She filled out an accident report, and Amazon restricted her from pushing carts but did not provide additional medical care.

A few days later, Ms. Moore went to Amazon's Safety Team Manager, Chris Brewer, and specifically requested a Choice of Physicians form. He told her that her file had been closed because she said her injury was not work-related and she would have to speak with Mr. Reynolds, another manager at Amazon.

Mr. Reynolds gave her a panel, and she chose Dr. Jeffrey Hazlewood. When she saw him, he brought up Mr. Ramos's report that said her injury was not work-related. She vigorously denied telling him that, and despite Dr. Hazlewood saying this discrepancy created a "gray area" as to causation, he gave his opinion that "at present" her symptoms were work-related and placed her on restrictions.

Ms. Moore filed an "ethics complaint" with Amazon against Mr. Ramos, asserting that he falsely stated that she claimed her injury was not work-related. She went back to Dr. Hazlewood, who recommended physical therapy and extended her restrictions.

At that point, Amazon's carrier denied Ms. Moore's workers' compensation claim and refused to authorize further medical treatment. Given the denial, Amazon would no longer accommodate her restrictions, and she was not able to return to work. Ms. Moore continued to try to convince Amazon to change Mr. Ramos's report, but it refused.

Eventually, Ms. Moore sought treatment on her own and came under the care of orthopedist Eric Maryniw, M.D. Dr. Maryniew performed surgery to repair a glenoid labral tear in her left shoulder. She requires additional physical therapy and remains on restricted duty.

IT IS ORDERED.

1. Ms. Moore is entitled to the benefits stipulated to by Amazon as described above, and Amazon shall pay accordingly.

2. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).

3. This case is referred to the Bureau's Compliance Program to determine if, and

3

to what extent, a penalty is warranted.

4. This case is set for a status conference on **January 22, 2026, at 9:00 a.m. Central Time**. The parties must call 615-253-0010. Failure to appear might result in a determination of the issues without the party's participation.

**ENTERED November 24, 2025.**

_____
**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

Exhibits:
    1. Ms. Moore's collective exhibits

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on November 24, 2025.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| Erin Moore | | X | ecarrollmoore@gmail.com |
| Megan Jones | | X | majones@mijs.com |
| Compliance Program | | X | WCCompliance.Program@tn.gov |

_____
**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1.  Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4.  After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____


_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*